THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN H. KING, Defendant-Appellee.

(No. 73-14; ▮▮▮▮▮▮)

Second District—July 29, 1974.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

John T. Perry, of Wheaton, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Defendant, identified as "an officer and agent for Basic Machinery and Engineering Co., Inc.," was charged in two complaints with wilful failure to file income tax returns on behalf of that corporation for Illinois State income taxes withheld from employees for the period ending September 30, 1970, and December 31, 1970, respectively (in violation of Ill. Rev. Stat. 1969, ch. 120, par. 13—1301). Defendant's motion to dismiss both complaints was allowed by the trial court on the grounds that similar charges against the defendant having been formerly dismissed due to the substantial insufficiency of the complaints for their failure to set forth any relationship of defendant with the corporation, the instant

charges were barred by the provisions of section 3—4(a)(2) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 3—4(a)(2)).[1]

The State appeals from the trial court's dismissal of the complaints. The sole question presented on this appeal is whether jeopardy attached to the former prosecution of offenses which had been dismissed because of a substantial technical defect in the complaint so as to bar this subsequent prosecution.

Section 3—4(a)(2) of the Criminal Code of 1961 provides as follows:

"(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:

(2) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution."

In support of his contention the defendant points to the following portion of the Committee Comments on this section:

"Pre-trial determinations which should bar a second prosecution (§ 3—4(a)(2)) might involve such issues as time limitation on prosecutions, double jeopardy, pardon, immunity from prosecution, and *the substantial insufficiency of the particular wording of the indictment.*" (Emphasis added.) S.H.A., ch. 38, § 3—4, at 215 (1972).

We note, however, that the Committee Comments on this section include the following:

"* * * a dismissal of a case, sometimes called an acquittal not on the merits, based on variance or defective indictment or information * * * is not a bar to a subsequent prosecution." S.H.A., ch. 38, § 3—4, at 215 (1972).

In 22 C.J.S. *Criminal Law* § 246 (1961), it is stated: "the general rule is that, in order that jeopardy may attach, there must be a valid indictment * * *. So, where the indictment or information is so defective in form or substance that it will not support a conviction, it cannot form the basis of proceedings which will put the accused in jeopardy and bar another prosecution:"

---

[1] The earlier dismissal of the former charges was affirmed by us in *People v. King* (1972), 5 Ill.App.3d 357 (abstract opinion). We there held that defendant could not be held criminally accountable for the corporation's failure to file State income tax returns where the complaint charged him individually as defendant, without naming him as officer of the corporation or setting forth any relationship he may have had with the corporation, and that the complaints were properly dismissed.

In *People v. Baze* (1969), 43 Ill.2d 298, 300, the Illinois Supreme Court said:

> "Dismissal of the original indictment * * * at defendant's behest, for technical insufficiency * * *, is not tantamount to an acquittal; * * *."

See also *People v. Somerville* (1967), 88 Ill.App.2d 212, 216.

The trial court's dismissal of the original complaints for technical insufficiency (and our affirmance thereof) was not tantamount to an acquittal. Therefore, the trial court erred in sustaining defendant's motion to dismiss the subsequent complaint.

Judgment reversed.

GUILD and SEIDENFELD, JJ., concur.