THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* DANIEL CULHANE, SR., Petitioner-Appellant.

(No. 61415;

First District (5th Division)—November 14, 1975.

James J. Doherty, Public Defender, of Chicago (Donald Paull and John Thomas Moran, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Raymond J. Prosser, and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

Defendant was charged by indictments in December, 1965, with three murders in violation of Illinois Revised Statutes, chapter 38, section 9—1 (Ill. Rev. Stat. 1963, ch. 38, par. 9—1). On February 21, 1966, following a hearing, defendant was found incompetent to stand trial and was remanded to the Illinois Department of Mental Health. On January 24, 1974, defendant filed a motion to dismiss the indictments based upon *Jackson v. Indiana,* 406 U.S. 715, 32 L.Ed.2d 435, 92 S.Ct. 1845. In *Jackson,* the court addressed the issue of whether a State may indefinitely commit a defendant adjudicated an incompetent to await a future

finding of competency without denying him due process. The court concluded that:

"[A] person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant." (406 U.S. 715, 739, 32 L.Ed.2d 435, 451.)

In the instant case, the trial court denied defendant's motion to dismiss the charges and defendant appeals from that ruling.

Defendant relies upon *Jackson* to support two propositions: (1) that the trial court erred by failing to dismiss the indictments under circumstances similar to those presented in *Jackson*, and (2) that based upon *Jackson* and the "Right to Remedy and Justice" provision of the Illinois Constitution (Ill. Const., art. I, § 12 (1970)), this court must provide a remedy by permitting an appeal from an interlocutory order of the trial court. The State responds to defendant's contentions by suggesting that the trial court's denial of defendant's motion to dismiss the indictment was neither a final judgment nor an appealable interlocutory order, and therefore this court lacks jurisdiction to entertain the matter. We agree with the State.

"Appellate courts, subject to statutory exceptions, are without jurisdiction to review judgments, orders, or decrees which are not final." (*Village of Niles v. Szczesny,* 13 Ill.2d 45, 47, 147 N.E.2d 371.) A trial court's ruling denying defendant's motion to dismiss criminal charges is not a final order of judgment, nor is it an interlocutory order appealable as a statutory exception. (*People v. Miller,* 35 Ill.2d 62, 219 N.E.2d 475.) "To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment." *Village of Niles v. Szczesny,* 13 Ill.2d 45, 48, 147 N.E.2d 371.

■■ We believe the case of *People v. Miller,* 35 Ill.2d 62, 219 N.E.2d 475, presents circumstances analogous to those in the instant case and is therefore dispositive of the jurisdictional issue. In *Miller,* defendant appealed from the trial court's order denying his motion to dismiss two counts of rape. With respect to defendant's right to appeal from a trial court's order denying his motion to dismiss an indictment, our Supreme Court stated:

"The order denying the defendant's motion to dismiss was an interlocutory order. [Citations.] Therefore, unless specific authority can be found authorizing an appeal from such an order the appellate court was without jurisdiction to consider it. The constitution provides that appeals from final judgments lie as a matter of right and that the Supreme Court may provide by rule for appeals to the appellate court from other than final judgments. [Citation.] By rule we have provided for appeals by the State in criminal cases from certain interlocutory judgments or orders. [Citation.] While this Rule gives the State the right to appeal to the appellate court from an order which results in dismissing an indictment, it does not authorize an appeal by a defendant from an order denying a motion to dismiss and no other provision of the constitution, statute, or rules authorizes such an appeal. In the absence of any such authority, it follows that the appellate court lacked jurisdiction to entertain an appeal from an order denying a motion to dismiss counts of the indictment." (35 Ill.2d 62, 67-68.)

Based upon the above authority, we conclude that the denial of defendant's motion to dismiss the indictments was neither a final judgment nor an appealable interlocutory order.

■■ We similarly reject defendant's suggestion that *Jackson v. Indiana*, 406 U.S. 715, 32 L.Ed.2d 435, 92 S.Ct. 1845, construed in conjunction with the "Right to Remedy and Justice" provision of the Illinois Constitution (Ill. Const., art. I, § 12 (1970)), requires this court to provide a remedy by direct appeal of the trial court's denial of defendant's motion to dismiss. We recognize that on at least two separate occasions where circumstances of defendant's extended incompetency conflicted with his assertion of constitutional rights our courts recognized the propriety of a *habeas corpus* action to review the case. (*People v. Byrnes*, 7 Ill.App.3d 735, 288 N.E.2d 690; *People ex rel. Myers v. Briggs*, 46 Ill.2d 281, 263 N.E.2d 109.) We therefore find no denial of defendant's rights under the "Right to Remedy and Justice" provision of the Illinois Constitution.

Based upon our review of the record and briefs, we conclude that this court lacks jurisdiction to entertain this appeal.

Appeal dismissed.

DRUCKER and LORENZ, JJ., concur.