THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAWRENCE STEFAN, Defendant-Appellant.

Second District   No. 2—89—0789

Opinion filed February 5, 1991.

Mary Robinson, of Robinson & Skelnik, of Elgin, and Ronald R. Nosek, of Lombard, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Lawrence Stefan, appeals from the order of the circuit court of Du Page County denying his motion to dismiss counts I and IV of his indictment, which charged criminal and reckless disposal of hazardous waste. Defendant argues that the prosecution for said offenses is barred by the prohibition against double jeopardy. Defendant also contends that the indictment does not plead the offenses with sufficient specificity to assert his jeopardy claims.

Regarding the second contention, we note that Supreme Court Rule 604 (134 Ill. 2d R. 604) does not permit interlocutory appeals from an order denying the motion to dismiss on grounds of

vagueness or an order overruling a defendant's objections to an amended bill of particulars. Thus, the second argument is improperly before us and will not be addressed on appeal.

On November 6, 1986, a Du Page County grand jury returned an indictment charging defendant and L & S Industries, Inc. (Corporation), with the offenses of criminal disposal of hazardous waste, unauthorized use of hazardous waste, and reckless disposal of hazardous waste. Counts I through VI charged Lawrence Stefan as the defendant, and counts VII through XII were directed against the corporation. A prior indictment based upon the same incidents was nolprossed on the eve of trial when the court denied the State's motion to continue so that additional charges could be brought. The defense moved to dismiss the subsequent indictment, pursuant to section 114—4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 114—4(e)). Said motion was denied.

A number of pretrial motions relevant to this appeal were presented. Pursuant to a defense motion and a court order, the State filed a bill of particulars and then a first amended bill of particulars. The defendant's motion to strike the first amended bill of particulars on grounds that it was insufficiently specific to allow the defendant to prepare a defense and to protect the defendant against future jeopardy was denied.

The defendant moved to dismiss counts I, IV, VII, and X of the indictment on the ground that prosecution on those counts was barred by prior Village of Addison (Addison) prosecutions. Before that motion was argued, counts VII and X were dismissed along with the other counts against the Corporation pursuant to the defendant's motion based upon the fact that the Corporation was involuntarily dissolved prior to the return of the indictment. The two remaining counts at issue in the double jeopardy motion charged in pertinent part:

> "Count I: *** that between January 1, 1984 and January 1, 1985, at and within Du Page County, Illinois, LAWRENCE STEFAN committed the offense of Criminal Disposal of Hazardous Waste in that said defendant, without lawful justification, knowingly disposed of hazardous waste, in that said defendant disposed of hazardous waste, by depositing said hazardous waste into the Village of Addison sanitary sewer system, in violation of Illinois Revised Statutes, 1985, Chapter 111½, Section 1044(c).
>
> * * *
>
> Count IV: *** that between January 1, 1984 and January 1,

1985, at and within Du Page County, Illinois, LAWRENCE STEFAN committed the offense of Reckless Disposal of Hazardous Waste in that said defendant disposed of hazardous waste and his acts which caused the hazardous waste to be disposed, were performed with a conscious disregard of a substantial and justifiable risk that such disposing of hazardous waste was a gross deviation from the standard of care which a reasonable person would exercise in the situation, in that said defendant deposited hazardous waste into the Village of Addison sanitary sewer system, in violation of Illinois Revised Statutes, 1985, Chapter 111½, Section 1044(e)1."

The first amended bill of particulars for the pertinent counts stated as follows:

"1. Count I

a. The dates of the offense are indicated between January 1, 1984 and January 1, 1985. This offense constitutes a repeated and continuous course of conduct on the part of the defendant between the dates indicated.

b. The type of hazardous waste alleged in this Count is hazardous waste by virtue of meeting the definitions in 35 Ill. Adm. Code, Section 721.123(a)(5) (characteristic of reactivity); and/or Section 721.124(a) (characteristic of EP Toxicity due to the presence of cadmium exceeding more than 1.0 mg/L, and/or due to the presence of chromium exceeding 5.0 mg/L), and/or due to the presence of chromium exceeding 5.0 mg/L); and/or Section 721.131, (Hazardous Wastes from Nonspecific Sources, specifically Industry and EPE Hazardous Waste Numbers F006—F009).

\* \* \*

4. Count IV

a. The dates of the offense are indicated between January 1, 1984 and January 1, 1985. This offense constitutes a repeated and continuous course of conduct on the part of the defendant between the dates indicated.

b. The type of hazardous waste alleged in this Count is hazardous waste by virtue of meeting the definitions in 35 Ill. Adm. Code, Sections 721.122(1), (characteristics of corrosivity); and/or 721.123(5), (cyanide bearing waste with characteristics of reactivity); and/or 721.124(a), (cadmium and chromium waste listed by virtue of characteristics of EP Toxicity); and/or 721.131 (Hazardous Wastes from Nonspecific Sources, identified by F006, F007, F008 and F009)."

Defendant's motion to dismiss based on double jeopardy included records from the prior Addison prosecutions, which, defendant alleged, barred prosecution on counts I and IV of the indictment. The complaints in Addison cases Nos. 84—OV—1331 through 84—OV—1336 alleged as follows:

"84—0V—1331: L&S INDUSTRIES—Mr. Larry Stefan, Pres. *** ON January 27, 1984 *** DID UNLAWFULLY COMMIT THE OFFENSE OF prohibited discharge IN VIOLATION OF CHAPTER 23, SEC. 23.13 OF THE *** ORDINANCE OF THE VILLAGE OF ADDISON: IN THIS *** TO WIT, THAT SAID DEFENDANT, Did knowingly [sic] cause to be discharged to the public sewer system a waste containing Cyanide in amounts greater than allowed by said Ordinance.

84—OV—1332: L&S INDUSTRIES—Mr. Larry Steffan [sic], Pres. *** ON 1/30/84 *** DID UNLAWFULLY COMMIT THE OFFENSE OF prohibited discharge IN VIOLATION OF CHAPTER 23, SEC. 23.13 OF THE *** ORDINANCE OF THE VILLAGE OF ADDISON: IN THIS *** TO WIT, THAT SAID DEFENDANT, Did knowingly cause to be discharged to the public sewer system a waste containing Cyanide in amounts greater that [sic] allowed by said Ordinance.

84—OV—1333: L&S INDUSTRIES—Mr. Larry Steffan [sic] Pres. *** THAT ON 1/31/84 *** DID UNLAWFULLY COMMIT THE OFFENSE OF prohibited discharge IN VIOLATION OF CHAPTER 23, SEC. 23.13 OF THE *** ORDINANCE OF THE VILLAGE OF ADDISON: IN THIS *** TO WIT, THAT SAID DEFENDANT, Did knowingly cause to be discharged to the public sewer system wastes containing excessive amounts of Cyanide, Cadmium, Zinc and Chromium.

84—OV—1334: L&S INDUSTRIES—Mr. Larry Steffan [sic] Pres. *** ON 2/1/84 *** DID UNLAWFULLY COMMIT THE OFFENSE OF prohibited discharge IN VIOLATION OF CHAPTER 23, SEC. 23.13 OF THE *** ORDINANCE OF THE VILLAGE OF ADDISON: IN THIS *** TO WIT, THAT SAID DEFENDANT, Did knowingly cause to be discharged to the public sewer system wastes containing excessive amounts of Cyanide, Cadmium, Zinc and Chromium.

84—OV—1335: L&S INDUSTRIES—Mr. Larry Steffan [sic], Pres. *** ON 2/2/84 *** DID UNLAWFULLY COMMIT THE OFFENSE OF prohibited discharge IN VIOLATION OF CHAPTER 23, SEC. 23.13 OF THE *** ORDINANCE OF THE VILLAGE OF ADDISON: IN THIS *** TO WIT, THAT

SAID DEFENDANT, Did knowingly cause to be discharge to the public sewer system a waist containing excessive amounts of Cyanide.

84—OV—1336: L&S INDUSTRIES—Mr. Larry Steffan [sic], Pres. *** ON 2/3/84 *** DID UNLAWFULLY COMMIT THE OFFENSE OF Prohibited Discharge IN VIOLATION OF CHAPTER 23, SEC. 23.13 OF THE *** ORDINANCE OF THE VILLAGE OF ADDISON: IN THIS *** TO WIT, THAT SAID DEFENDANT, Did knowingly cause to be discharged to the Public Sewer System a waste containing excessive amounts of Cadmium and Zinc."

A single order disposing of each of the above six charges was entered on May 24, 1984. The order recited that the court accepted defendant's plea of guilty; found defendant guilty of the ordinance violations; directed defendant to pay a $500 fine and costs on each count, for a total of $3,000; directed the defendant to pay an additional $804.94 for fees and costs incurred by the Village in the prosecution of the case; and directed defendant to arrange and pay for random laboratory sampling and testing.

The next set of Addison ordinance complaints charged:

"84—OV—7100: L&S INDUSTRIES—Mr. Larry Stefan, Pres. *** ON 4/17/84 *** DID UNLAWFULLY COMMIT THE OFFENSE OF prohibited discharge IN VIOLATION OF CHAPTER 23, SEC. 23.13 OF THE *** ORDINANCE OF THE VILLAGE OF ADDISON: IN THIS *** TO WIT, THAT SAID DEFENDANT, Did knowingly cause to be discharged to the public sewer system a waste containing Cyanide, Cadmium, Chromium and Zinc in amounts greater than allowed by said Ordinance.

84—OV—7101: L&S INDUSTRIES—Mr. Larry Stefan, Pres. *** ON 5/30/84 *** DID UNLAWFULLY COMMIT THE OFFENSE OF prohibited discharge IN VIOLATION OF CHAPTER 23, SEC. 23.13 OF THE *** ORDINANCE OF THE VILLAGE OF ADDISON: IN THIS *** TO WIT, THAT SAID DEFENDANT, Did knowingly cause to be discharged to the public sewer system a waste containing Cadmium, Chromium, Cyanide and Zinc in amounts greater than allowed by said Ordinance.

84—OV—7102: L&S INDUSTRIES—Mr. Larry Stefan, Pres. *** ON 5/31/84 *** DID UNLAWFULLY COMMIT THE OFFENSE OF prohibited discharge IN VIOLATION OF CHAPTER 23, SEC. 23.13 OF THE *** ORDINANCE OF THE

VILLAGE OF ADDISON: IN THIS *** TO WIT, THAT SAID DEFENDANT, Did knowingly cause to be discharged to the public sewer system a waste containing Cadmium, Chromium, Cyanide and Zinc in amounts greater than allowed by said Ordinance."

A single agreed order disposing of those three charges was entered on February 13, 1985. The order recited that pursuant to the agreement of the parties, the court found that L & S Industries, Inc., had violated the Addison ordinance by discharging into the public sewer system waste containing excessive levels of prohibited chemicals, and the court ordered that "L & S Industries and any successor organization, Lawrence J. Stefan, individually and any other corporation or business entity which he may control or be a majority shareholder in, shall not hereafter engage in the business of metal plating within the confines of the Village of Addison, State of Illinois."

On November 16, 1987, defendant filed a further motion to dismiss all counts of the indictment; he alleged that said indictment was unconstitutionally vague.

On December 10, 1987, the State filed an answer to defendant's motion to dismiss on the ground of double jeopardy, alleging that the indictment required proof, particularly insofar as to dates of offenses and types of material being deposited, not required in the prosecutions of the ordinance violations, so that defendant could not demonstrate that the offenses were the same for double jeopardy purposes.

On January 8, 1988, the trial court heard arguments on the double jeopardy motion and other motions filed by defendant. The defense contended that upon examination of the elements, all of the offenses at issue were the same for jeopardy purposes and that any differences in the dates at issue had no significance because the State purported to charge continuing offenses in the indictment. Additionally, the State contended that the ordinance prosecutions were brought against the corporation, L & S Industries, Inc., and not against defendant, individually, so that defendant was not personally at jeopardy in the ordinance prosecutions and could not be prosecuted by the State for the same offenses.

Further argument on defendant's double jeopardy motion began on March 8, 1988, and concluded on March 31, 1988. On July 14, 1989, the trial court denied each of the defense motions pending, including the motion to dismiss counts I and IV on the ground of double jeopardy and the motion to dismiss the indictment on the ground that it failed to plead an offense. This appeal followed.

■■ ■ The fifth amendment to the United States Constitution

provides that "[n]o person shall *** be subject for the same offence to be twice put in jeopardy of life or limb." (U.S. Const., amend. V.) The Illinois Constitution provides that "[n]o person shall *** be twice put in jeopardy for the same offense." (Ill. Const. 1970, art. I, §10.) The double jeopardy prohibition offers three constitutional protections: (1) it bars a second prosecution for the same offense after acquittal; (2) it bars a second prosecution for the same offense after conviction; and (3) it precludes multiple punishments for the same offense. (*North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072.) It is the second of these safeguards that defendant seeks to invoke herein. Successive municipal and State prosecutions for the same conduct constitute double jeopardy. *People v. Allison* (1970), 46 Ill. 2d 147.

Defendant specifically contends that: (1) he was a defendant in the ordinance cases, as well as being a defendant in the subject indictment; (2) the subject ordinance violations are not different from the crimes charged in the indictment; and (3) the elements of the subject ordinance violations and subject counts in the indictment are the same for purposes of double jeopardy.

■ We first address the issue of whether the elements of the ordinance violations and those of the subject counts of the indictment are the same for purposes of double jeopardy. Under *People v. Jackson* (1987), 118 Ill. 2d 179, the test of whether there are two offenses which can be separately prosecuted, or only one, so that successive prosecutions are prohibited, is whether each statutory provision requires proof of a fact which the other does not. The test deals with the statutory elements charged, not the evidence supporting the charges. *Jackson,* 118 Ill. 2d at 185-86.

■ ■ Defendant contends that elements of the subject offenses are identical in all essential respects. The State maintains that there are sufficient differences in the elements of the ordinance and the statutory offenses to make them separate offenses. We agree.

The relevant Addison ordinance provides:

> "No person shall discharge or cause to be discharged the following described substances, materials, waters or wastes to any public sewers if it appears likely in the opinion of the Superintendent that such wastes can harm either the sewers, sewage treatment process, or equipment, have an adverse effect on the receiving stream, as determined in the NPDES permit received by the village or otherwise endanger life, limb, public property or constitute a nuisance." Addison Village Code §23.13.

The statute upon which counts I (criminal disposal of hazardous waste) and IV (unlawful delivery of hazardous waste) of the indictment were based provides in pertinent part:

"(c) Criminal Disposal of Hazardous Waste.

(1) A person commits the offense of Criminal Disposal of Hazardous Waste when, without lawful justification, he *knowingly* disposes of hazardous waste.

\* \* \*

(e) Unlawful Delivery of Hazardous Waste.

(1) Except as authorized by this Act or the federal Resource Conservation and Recovery Act, and the regulations promulgated thereunder, it is unlawful for any person to *knowingly deliver* hazardous waste." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 111½, pars. 1044(c)(1), (e)(1).

The statute requires proof of a knowing disposal and delivery of hazardous waste. The Addison ordinance requires no such proof as to mental state and, as the State suggests, should be considered to involve an absolute liability offense. Section 4—9 of the Criminal Code of 1961 concerns absolute liability offenses:

"A person may be guilty of an offense without having, as to each element thereof, one of the mental states described in Sections 4—4 through 4—7 if the offense is a misdemeanor which is not punishable by incarceration or by a fine exceeding $500, or the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described." (Ill. Rev. Stat. 1983, ch. 38, par. 4—9.)

Though the record is silent as to the range of punishments for violating the pertinent ordinance, the fact that defendant was fined $500 for each violation of the ordinance (84—OV—1331 through 1336) indicates that said ordinance falls within the definition of an absolute liability offense. Moreover, absolute liability offenses are a valid exercise of police power and are regularly employed, particularly where the law in question is regulatory, rather than penal in nature. (*People v. Teschner* (1979), 76 Ill. App. 3d 124.) Here, the ordinance is regulatory, not penal, adding support to our determination that the ordinance addresses absolute liability offenses.

Also, the fact that Addison's complaints allege a mental state carries no weight. It is the language of the ordinance, not the complaint, that is important for purposes of comparing the elements of the subject offenses.

Further, Addison's ordinance requires proof of a fact that the statute does not.

As cited above, section 23—13 reads in pertinent part:

"No person shall discharge or cause to be discharged the following described substances, materials, waters or wastes to any *public sewers.*" (Emphasis added.) (Addison Village Code §23.13.)

The relevant sections of the subject statute do not allude to the hazardous waste discharge into public sewers. Addison is required to prove a fact, namely, the discharge of hazardous waste into public sewers, that the State does not have to prove. Under the *Jackson* test, we find that the pertinent ordinance and statute deal with separate offenses. Thus, defendant's prosecution for alleged violations of the statute is not barred by the prohibition against double jeopardy. Having so found, we do not need to address the other issues raised by defendant regarding double jeopardy.

For reasons stated above, we affirm the judgment of the circuit court, and this cause is remanded for further proceedings consistent with this option.

Affirmed and remanded.

McLAREN and GEIGER, JJ., concur.