PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Plaintiff-Appellant, v. STEPHEN E. SMITH, Defendant-Appellee.

First District (5th Division)   No. 1—93—1624

Opinion filed August 19, 1994.

Michael J. Smith & Associates, of Chicago (Michael J. Smith, of counsel), for appellant.

706

Hugh G. McBreen and Annie K. Strobl, both of McBreen, McBreen & Kopko, of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Provident Life and Accident Insurance Company (Provident) brought an action in the chancery division of the circuit court of Cook County for rescission of two policies of disability insurance issued on June 30, 1987, by Provident to Stephen E. Smith (Smith). Smith filed a counterclaim for breach of contract. Action thereon was stayed pending resolution of the rescission action. The trial court denied Provident's action for rescission. This appeal followed. Provident requests that the trial court's decision be reversed. In the alternative Provident requests that the policies be reformed to exclude disability benefits and coverage for disability related to conditions associated with Smith's lumbar or sacroiliac spine region. Provident also argues in the alternative that the trial court's errors in ruling on evidentiary matters require the decision to be reversed and remanded for further proceedings.

I

While neither party contests this court's jurisdiction to hear this appeal, the consent of the parties does not confer jurisdiction. (*Droste v. Kerner* (1966), 34 Ill. 2d 495, 217 N.E.2d 713.) We raise the jurisdictional question *sua sponte*. In order to facilitate the discussion, it is necessary to recite chronologically certain procedural events in this case. The trial court in the chancery division of the circuit court of Cook County rendered final judgment against Provident on its rescission action on August 23, 1991. The losing party requested Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) language to pursue an appeal, but this was denied by the judge because the other claims referred to above remained pending.

There is no dispute that this ruling constituted a complete and final resolution of the rescission matter between the parties. The refusal of the judge to add Rule 304(a) language to the order did not deprive the order of finality regarding this claim but, rather, caused it to be unappealable when rendered.

Judge Berman on November 5, 1991, entered an order which stated as follows: "It is hereby ordered that after considering plaintiff's motion to reconsider [the refusal to grant Rule 304(a) language to the August 23, 1991 order], the court denies plaintiff's request for a Rule 304(a) Finding." Any attempt by Provident to appeal this order would have been futile in light of *E.M.S. Co. v. Brandt* (1968), 103 Ill. App. 2d 445, 243 N.E.2d 695, which held that

such a decision is not reviewable when rendered even if the trial court abused its discretion in refusing to give a litigant a Rule 304(a) finding.

Provident made no attempt to sever Smith's counterclaim which was still pending, but on August 23, 1991, at the conclusion of the rescission litigation Judge Berman sent the case to the presiding judge of the chancery division to transfer the breach of contract and disability claims to the law division for final resolution. Although the case was given a new number in the law division, it is clear from the record that the pleadings filed in the law division reflected the fact that this was further litigation of the lawsuit that originally commenced in the chancery division.

The law division case regarding Smith's counterclaims was not resolved judicially but, instead, was settled by an agreed order entered by Judge Gustafson on April 13, 1993, about 18 months after the entry of the order by Judge Berman denying Rule 304(a) language to Provident. This agreed order contained the following language:

> "IT IS FURTHER ORDERED, that, based upon the above described conditions, this matter is dismissed with prejudice and without costs to either party and that, pursuant to Illinois Supreme Court Rule 304(a), the court *sua sponte*, determines that the court order of October 1, 1991 [the decision on rescission] is now a final and appealable order and there is no just reason to delay enforcement or appeal of such order."

It further specified that the settlement agreement appended thereto was made a part of the agreed order. Paragraph 7 of the settlement agreement stated:

> "Smith and Provident agree that if the appeal of the order dated October 1, 1991 is not accepted and/or does not result in an opinion on the merits by the Illinois Appellate Court, that any claim for disability benefits will be advanced for trial."

Provident, in the jurisdictional statement of its brief filed in this court, states "this matter is now before this court on appeal of the final order of October 1, 1991, the order of April 13, 1993 which finds that the order of October 1, 1991 is final and appealable and the order of September 7, 1993 entered *nunc pro tunc* as of October 1, 1991, pursuant to Supreme Court Rule 329."

We do not think that appellate jurisdiction is conferred upon this court pursuant to Supreme Court Rule 329, which sets forth the method by which the parties, the trial court, or the reviewing court may correct material omissions or inaccuracies in the record. Appellate jurisdiction, if it exists, must be found in Supreme Court Rule 304(a), which states in pertinent part:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment *or thereafter on the court's own motion or on motion of any party.*" (Emphasis added.) 134 Ill. 2d R. 304(a).

Judge Berman's decision denying rescission to Provident was a final order that resolved a discrete claim pending between the parties. If its resolution had been in Provident's favor the litigation between the parties would have ended. When the law division entered the agreed order dated April 13, 1993, resolving other issues between the parties and gave the Rule 304(a) language, the rescission decision then became appealable under Supreme Court Rule 303 by Provident filing a notice of appeal on May 6, 1993, within 30 days of the entry of that order. The second sentence of Rule 304(a) quoted above permits the trial court to do this as long as no judgment has been entered resolving all matters of controversy between the parties. (See *Carter v. Chicago & Illinois Midland Ry. Co.* (1988), 119 Ill. 2d 296, 518 N.E.2d 1031.) Since the settlement agreement permitted the revival of plaintiff's claim for liability benefits if the appellate court did not render an opinion on the merits of Provident's rescission claims it was not a final order nor did it resolve all matters of controversy between the parties. We conclude, therefore, that we now have jurisdiction to review the recession order of August 23, 1991.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MURRAY, P.J., and COUSINS, J., concur.