THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEROME D. SCHRAM, Defendant-Appellant.

First District (5th Division)    No. 1—94—3261

Opinion filed September 27, 1996.

Vincent D. Pinelli, of Burke, Burns & Pinelli, Ltd., of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solic-

itor General, and Arleen C. Anderson and Martha E. Gillis, Assistant Attorneys General, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

The defendant, Jerome Schram, was indicted in February 1994 with six counts of forgery. The indictments alleged that with the intent to defraud, the defendant made, altered and delivered motor fuel distributor licenses, gasoline tax ordinance certificates of registration, new account applications, business applications and tax exemption authorizations in violation of section 17—3(a)(1) of the Criminal Code of 1961 (720 ILCS 5/17—3(a)(1) (West 1994)). Schram filed a motion to dismiss the charges, claiming that his prosecution for forgery was precluded because it would constitute double jeopardy under section 3—4 (720 ILCS 5/3—4 (West 1994)) in light of an earlier indictment; that the forgery action should have been brought at the time of that earlier indictment based on the compulsory joinder statute (720 ILCS 5/3—3(b) (West 1994)); that the indictment was insufficient to state the offense of forgery; and that his due process rights had been violated based on alleged prosecutorial misconduct before the grand jury and on an alleged two-year delay in seeking this indictment. The trial court denied Schram's motion to dismiss, and Schram appeals from that order pursuant to Illinois Supreme Court Rule 604(f) (145 Ill. 2d R. 604(f)).

The facts are undisputed. On May 11, 1992, the State sought a grand jury indictment against Schram for alleged violations of the Illinois Motor Fuel Tax Law (Ill. Rev. Stat. 1991, ch. 120, par. 417 *et seq.* (now 35 ILCS 505/1 *et seq.* (West 1994))) (hereinafter referred to as the IMFTA), which provides criminal penalties for the nonpayment of taxes in various transactions involving the purchase and sale of motor fuel and for the sale or distribution of motor fuel without a license. Pursuant to that statute, indictments were returned against Schram which alleged that between September and December of 1991, in violation of the IMFTA, Schram failed to file motor fuel tax returns, failed to remit motor fuel tax payments, and distributed motor fuel without a license. The trial court granted Schram's motion to dismiss those indictments, stating that they failed to allege illegal conduct with sufficient specificity, that they were "drafted in a somewhat sloppy fashion," and that they "would not give [the defendant] an opportunity to defend or to be freed from double jeopardy." The trial court indicated that these insufficiencies could be "cleaned up" and that the defendant could be reindicted under the IMFTA. The State chose not to appeal the order of dismissal and did not attempt to correct the deficiencies in order to reindict Schram under the IMFTA.

On February 22, 1994, the State appeared before another grand jury seeking to indict Schram for forgery in violation of section 17—3(a)(1) (720 ILCS 5/17—3(a)(1) (West 1994)), which provides that a person commits forgery when "with the intent to defraud, he knowingly *** [m]akes or alters any document apparently capable of defrauding another." Testimony before the grand jury alleged that Schram tendered forged documents to Tropicana Energy Company and to Martin Oil Company purporting to show Schram's official authorization to purchase several tanker loads of gasoline and that Schram presented those documents in order to avoid the payment of motor fuel transaction taxes. In particular, the State alleged that Schram made, altered and delivered forged documents, including a federal registration for gasoline tax with an identification number that had never been issued to Schram; an Illinois motor fuel distributor's license that was never issued by the Illinois Department of Revenue and that was signed by a Director of the Department of Revenue who was not employed by that department when that license was purportedly issued; a Cook County gasoline tax ordinance certificate of registration never issued by Cook County to Schram; a business application and tax exemption authorization bearing a State of Illinois motor fuel number never issued by the State to Schram; and state and county tax numbers never issued by those entities to Schram. The grand jury testimony regarding the alleged forgeries also revealed that prior to the IMFTA indictments, the Illinois Department of Revenue agents investigating Schram knew of the transactions and documents that formed the basis for the instant forgery indictments.

In his motion to dismiss the forgery indictments, Schram urged the following five contentions of error: (1) that his prosecution for forgery was barred under double jeopardy principles pursuant to section 3—4 (720 ILCS 5/3—4 (West 1994)) in light of the May 1992 indictment under the IMFTA; (2) that his prosecution was barred by section 3—3(b) of the Criminal Code of 1961, the compulsory joinder statute (720 ILCS 5/3—3(b) (West 1994)), which he alleged required that the current forgery indictments be prosecuted with the May 1992 IMFTA indictments in a single action; (3) that the current indictment was insufficient to state the offense of forgery; (4) that his due process rights were violated by prejudicial prosecutorial statements before the grand jury regarding the May 1992 indictment; and (5) that his due process rights were violated by the State's two-year delay since the May 1992 indictment in prosecuting the current allegations.

The trial court denied defendant's motion to dismiss the forgery

indictments. With respect to Schram's double jeopardy claim, the court stated that because the May 1992 indictment was terminated by a dismissal, it was not a "conviction or an acquittal" under the former jeopardy statute and therefore could not serve as the basis of a double jeopardy defense in the instant action. With respect to Schram's compulsory joinder claim, the trial court stated that the IMFTA indictment was based on different acts and required different proofs than does the forgery indictment, that "the court does not *** view the dismissal [of the May 1992 indictment] as a prosecution" under the compulsory joinder statute, and that, therefore, Schram's compulsory joinder claim must fail. With respect to Schram's contention that the current indictments were insufficient to state the offense of forgery, the trial court stated that the indictment was sufficient to advise the defendant of the charges against him. Finally, with respect to Schram's due process arguments, the trial court stated that Schram failed to show that the two-year delay in obtaining the forgery indictments prejudiced him.

On appeal, Schram advances the same five arguments that he presented to the trial court in his motion to dismiss, and contends that on each of those five bases the court erred in denying his motion. In his jurisdictional statement, the defendant purports to predicate the jurisdiction of this court upon Illinois Supreme Court Rule 604(f) (145 Ill. 2d R. 604(f)), which the State purports to concede in its jurisdictional statement. Rule 604(f) provides that a criminal defendant "may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding *on grounds of former jeopardy.*" (Emphasis added.) 145 Ill. 2d R. 604(f). Although the State does not contest appellate jurisdiction, jurisdiction cannot be waived or stipulated to by the parties (*Provident Life & Accident Insurance Co. v. Smith*, 266 Ill. App. 3d 705, 639 N.E.2d 627 (1994)), and this court has a duty to examine matters pertaining to its jurisdiction *sua sponte.* *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 642 N.E.2d 1264 (1994); *Ferguson v. Riverside Medical Center*, 111 Ill. 2d 436, 490 N.E.2d 1252 (1985). Therefore, we must determine whether jurisdiction under Rule 604(f) will properly vest jurisdiction in this court with respect to each of the five contentions on appeal, as opposed to vesting jurisdiction solely with respect to those contentions pertaining to former jeopardy.

■ Appellate courts lack jurisdiction to review nonfinal judgments, orders and decrees absent statutory exceptions. *Village of Niles v. Szczesny*, 13 Ill. 2d 45, 147 N.E.2d 371 (1958); *People v. Culhane*, 34 Ill. App. 3d 158, 340 N.E.2d 63 (1975). Ordinarily, a trial court's order denying a defendant's motion to dismiss criminal

charges is a nonfinal and therefore a nonappealable order, except to the extent specifically provided under applicable statutory exceptions. *People v. Miller*, 35 Ill. 2d 62, 219 N.E.2d 475 (1966); *People v. Culhane*, 34 Ill. App. 3d 158, 340 N.E.2d 63. Supreme Court Rule 604 contains such statutory exceptions, and the only part of that rule applicable in the instant case is Rule 604(f), which permits a defendant to appeal from the denial of a motion to dismiss a criminal proceeding where that motion was based on former jeopardy principles. See, *e.g., People v. Thomann*, 197 Ill. App. 3d 516, 554 N.E.2d 755 (1990); *People v. Hogan*, 186 Ill. App. 3d 267, 542 N.E.2d 178 (1989).

■ However, the scope of review of an order in a Rule 604(f) appeal is limited to a former jeopardy analysis and does not extend to a review of alleged errors that could not independently form the basis for appellate jurisdiction under Rule 604(f). *People v. Stefan*, 208 Ill. App. 3d 205, 567 N.E.2d 18 (1991), *rev'd on other grounds*, 146 Ill. 2d 324, 586 N.E.2d 1239 (1992). In *Stefan*, the defendant appealed from an order denying his motion to dismiss an indictment pursuant to Rule 604(f). The defendant urged that the trial court erred in denying his motion because the indictment was barred on double jeopardy grounds, and because it did not plead the offenses charged with sufficient specificity. The *Stefan* court held that Rule 604 did not confer appellate jurisdiction over the defendant's allegation of error regarding the vagueness of the indictment, but, rather, that it confined review on appeal to defendant's double jeopardy contentions. The court in *Stefan* stated:

> "Regarding the second contention, we note that Supreme Court Rule 604 [citation] does not permit interlocutory appeals from an order denying the motion to dismiss on grounds of vagueness or an order overruling a defendant's objections to an amended bill of particulars. Thus, the second argument is improperly before us and will not be addressed on appeal." 208 Ill. App. 3d at 206-07, 567 N.E.2d at 19.

We note that while *Stefan* was reversed on its substantive holding, which affirmed the trial court's denial of the defendant's motion to dismiss on double jeopardy grounds, its restriction of the issues to be considered on appeal pursuant to Supreme Court Rule 604(f) remained unchallenged. See by analogy *People v. Kerr-McGee Chemical Corp.*, 142 Ill. App. 3d 1104, 492 N.E.2d 1003 (1986) (scope of review in interlocutory appeal brought under Illinois Supreme Court Rule 307 concerning the denial of a request for an injunction does not encompass allegations of error not narrowly bearing on that denial). Accord *Caudle v. Sears, Roebuck & Co.*, 245 Ill. App. 3d 959, 614 N.E.2d 1312 (1993) (controverted facts or the merits of the case

are not decided on an interlocutory appeal brought pursuant to Rule 307); *Lindsey v. Board of Education*, 127 Ill. App. 3d 413, 468 N.E.2d 1019 (1984) (appeals permitted by Rule 307 do not open the door to a general review of other issues in the underlying case). Thus, as in the foregoing cases, we lack jurisdiction to review Schram's contentions regarding due process or failure to state the offense of forgery and must confine our review solely to those contentions concerning former jeopardy.

We now address Schram's contention that the trial court erred in its failure to dismiss the present forgery indictments on double jeopardy grounds as set forth in section 3—4(b) (720 ILCS 5/3—4(b) (West 1994)) in light of the earlier May 1992 IMFTA indictments. That contention is without merit. Section 3—4(b) of the Criminal Code provides in relevant part as follows:

"Effect of Former Prosecution.

\* \* \*

(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

(1) Resulted in either a conviction *or an acquittal,* and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code \*\*\*." (Emphasis added.) 720 ILCS 5/3—4(b) (West 1994).

■ The defendant contends that the dismissal of the IMFTA indictments against him constituted an "acquittal" under section 3—4(b) and that, therefore, the forgery indictments against him must be dismissed on double jeopardy grounds. Schram has mischaracterized the dismissal of the IMFTA indictments as an "acquittal" under section 3—4(b). Ordinarily, in order for double jeopardy to attach,

" 'there must be a valid indictment \*\*\*. So, where the indictment or information is so defective in form or substance that it will not support a conviction, it cannot form the basis of proceedings which will put the accused in jeopardy and bar another prosecution.' " *People v. King*, 21 Ill. App. 3d 256, 257, 314 N.E.2d 694 (1974), quoting 22 C.J.S. *Criminal Law* § 246 (1961).

A court's dismissal of charges against a defendant due to the technical insufficiency of the indictment is not tantamount to an acquittal for purposes of double jeopardy. *People v. Baze*, 43 Ill. 2d 298, 253 N.E.2d 392 (1969); *People v. King*, 21 Ill. App. 3d 256, 314 N.E.2d 694 (a defendant cannot succeed on a double jeopardy claim where the indictment is so defective in form or substance that it will not sup-

port a conviction). See 720 ILCS 5/2—1 (West 1994) ("acquittal" defined as "a verdict or finding of not guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction").

■ In the instant case, the dismissal of the IMFTA indictments did not constitute an acquittal because that dismissal was based upon the technical insufficiency of the indictments. As noted, the trial court dismissed the IMFTA indictments because the charges were enumerated in a "sloppy" and unspecific fashion, stating that the charges should be "cleaned up" before reindictment. Hence, those charges were dismissed because they did not technically suffice to state an offense against Schram under the IMFTA. Because those indictments were dismissed due to technical insufficiencies, they do not constitute an "acquittal" under section 3—4(b). *People v. Baze*, 43 Ill. 2d 298, 253 N.E.2d 392; *People v. King*, 21 Ill. App. 3d 256, 314 N.E.2d 694.

■ We also reject Schram's contention that since the State chose not to appeal or to reindict the defendant for violations of the IMFTA following that dismissal, the State must have therefore viewed the dismissal as an "acquittal" under section 3—4(b). We first note that we cannot speculate as to the State's subjective motive for electing not to appeal or to reindict the defendant on the IMFTA charges. Moreover, the viewpoint of the prosecution is immaterial to the determination of whether an acquittal existed for purposes of a double jeopardy bar, as that determination is made on the basis of the nature of the indictment and its ultimate disposition. See generally *People v. Baze*, 43 Ill. 2d 298, 253 N.E.2d 392; *People v. King*, 21 Ill. App. 3d 256, 314 N.E.2d 694.

In support of his contention that the dismissal of the IMFTA indictments constituted an "acquittal," the defendant refers to the holding in the case of *People v. Hiatt*, 229 Ill. App. 3d 1094, 595 N.E.2d 733 (1992). In *Hiatt*, the police recovered pornographic videotapes and photographs of a minor from the defendant's home. The defendant was charged with child pornography for his alleged pornographic videotaping of a minor. Following a jury trial, he was acquitted of those charges. The defendant was then reindicted for child pornography for possession of one of the videotapes recovered during the police search of his home. That indictment was dismissed on double jeopardy grounds. The defendant was again reindicted for child pornography based upon his possession of the photographs recovered in the same police search. The defendant filed a motion to dismiss that indictment, contending that it was barred on double jeopardy and compulsory joinder grounds because the dismissal of the previous indictment constituted an acquittal under section 3—4(b)

and because the State knew of the photographs at the time of the previous indictment. The trial court granted the defendant's motion to dismiss the third indictment concerning the photographs. In agreeing that the prior dismissal constituted an acquittal under section 3—4(b), the *Hiatt* court stated:

> "An acquittal may occur even though the question of guilt or innocence has never been submitted to the trier of fact such as when a defendant is discharged on speedy trial grounds." *Hiatt*, 229 Ill. App. 3d at 1098, 595 N.E.2d at 736.

Defendant's reliance upon the decision in *Hiatt* is unwarranted. In *Hiatt*, the dismissal of the second indictment regarding the videotape on double jeopardy grounds was substantive, on the merits, and would preclude any possibility of a cure. Moreover, the dismissal of the third indictment against the defendant regarding possession of the photographs was effectively based on double jeopardy principles emanating from the defendant's original acquittal by the jury of the same offense. Here, the dismissal of the IMFTA indictments was based on technical procedural grounds and did not purport to be a substantive disposition on the merits. The dismissal in this case did not purport to preclude reindictment if those procedural infirmities were cured. Therefore, under the reasoning of the courts in *People v. Baze* and *People v. King*, as set forth above, that dismissal does not constitute an acquittal under section 3—4(b).

■ In addition to the fact that the defendant's double jeopardy defense must fail because there was no previous acquittal, it must also fail because none of the other elements required under the provisions of section 3—4(b) are met as well. As noted, section 3—4(b) provides that a subsequent prosecution will be barred if that prosecution is "for an offense of which the defendant could have been convicted on the former prosecution" or is "for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code." 720 ILCS 5/3—4(b)(1) (West 1994). With respect to whether the defendant could have been convicted of the subsequent charges in the former prosecution, the court in *People v. Mueller*, in clarifying the meaning of that requirement in section 3—4(b), stated that this issue is resolved by determining whether the subsequent charges are a lesser included offense of the former charges. In the instant case, none of the parties have urged that forgery is a lesser included offense of an offense under the IMFTA, nor would there have been any merit to such a contention had one been made. The rule is clear that a lesser included offense for purposes of double jeopardy is one in which the lesser offense is a necessary element of the greater offense. *People v. Mueller*, 109 Ill. 2d

378, 488 N.E.2d 523 (1986). See also *United States v. Dixon*, 509 U.S. 688, 125 L. Ed. 2d 556, 113 S. Ct. 2849 (1993); *Illinois v. Vitale*, 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260 (1980); *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932) (determination of whether later prosecution barred on double jeopardy grounds focuses on the statutory elements of the offenses charged and on whether each provision requires proof of a fact which the other does not). It is manifest on its face and requires no extended discussion to note that the proofs required to establish a violation of the IMFTA for the nonpayment of motor fuel taxes and for the failure to obtain a license to distribute motor fuel are wholly different and apart from the proofs required under the forgery statute to show the alteration and delivery of a document capable of defrauding another and the intent to defraud.

■ Likewise, the second indictment in this case is not subject to the compulsory joinder provisions of section 3—4(b), which would have required that this action be joined with the earlier IMFTA indictments which were dismissed. Schram contends that the trial court misinterpreted and misapplied section 3—3 of the compulsory joinder statute. We disagree. Section 3—3 provides as follows:

"Multiple Prosecutions for Same Act. (a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution *** *if they are based on the same act.*" (Emphasis added.) 720 ILCS 5/3—3(b) (West 1994).

Pursuant to this language, defendant would urge that the IMFTA and forgery indictments are so interrelated that they are "based on the same act" under section 3—3(b), and additionally, that because the prosecution had knowledge of the acts that formed the basis of the forgery charges prior to the IMFTA indictments, the forgery indictments should have been dismissed because the State failed to prosecute all charges in a single action.

The case of *People v. Mueller*, 109 Ill. 2d 378, 488 N.E.2d 523 (1986), is in point. In that case, the defendant killed two individuals, hid their bodies and later deposited them in a river. The defendant was charged with murder, pleaded self-defense, and was acquitted. The State later charged him with homicidal concealment and, after he was convicted, he appealed on compulsory joinder and former jeopardy grounds. Although the prosecution had full knowledge of both offenses prior to the prosecution of either one, the *Mueller* court

affirmed. In holding that the murder and concealment charges were not "based on the same act" under section 3—3, that court stated:

> "The fact that the shootings and the acts of concealment were related is irrelevant. There is no requirement of joinder where multiple offenses arise from a series of related acts. [Citations.] 'Section 3—3 is not intended to cover the situation in which several offenses *** arise from a series of acts which are closely related with respect to the offender's single purpose or plan.' [Citation.] Indeed, the drafters considered and rejected an earlier version of section 3—3(b) which would have required a single prosecution when multiple offenses arose from the same 'conduct' [citation]; the term 'conduct' could, of course, refer to a series of acts [citations]. The purpose of this section as enacted was to preclude successive prosecutions where more than one person was injured by a single act of the accused, such as setting off an explosive. [Citations.]" *Mueller*, 109 Ill. 2d at 385-86, 488 N.E.2d at 526.

See also *People v. Astorga*, 245 Ill. App. 3d 124, 613 N.E.2d 779 (1993) (where drugs and electronic scale possibly used in cocaine sales found during same search, section 3—3(b) did not bar separate indictments for possession of illegal drugs and of stolen scale because not same conduct); *People v. Thomann*, 197 Ill. App. 3d 516, 554 N.E.2d 755 (1990) (where defendant charged with offense of possession and dissemination of videotaped child pornography, and later with offense of possession of advertisement containing child pornography, section 3—3(b) did not mandate that all child pornography charges be prosecuted in single prosecution because the acts were separate and distinct).

As in *Mueller*, *Astorga*, and *Thomann*, the IMFTA charges and the forgery offenses here were not "based on the same act" under section 3—3(b), but, rather, involved distinct offenses based upon different conduct in which Schram engaged in order to achieve his alleged overall goal of motor fuel tax evasion. The IMFTA indictments accused Schram of failing to file motor fuel tax returns, failing to pay motor fuel taxes and failing to obtain a license before distributing motor fuel. By contrast, the forgery indictments at issue on appeal charge the defendant with making, altering and delivering several falsified licenses and registrations. Whereas the IMFTA charges were based on Schram's alleged failure to pay taxes, to file returns, or to obtain a license for the distribution of motor fuel, the forgery charges are based on his alleged active misrepresentation of his authority to purchase motor fuel in order to effectuate his overall plan to evade his obligation to pay motor fuel taxes. As in *Mueller*, *Astorga*, and *Thomann*, the fact that the two sets of charges pertain to a related subject, namely, the nonpayment of gasoline taxes, is insufficient to require joinder under Illinois law.

The defendant's reliance on the cases of *People v. Mullenhoff*, 33 Ill. 2d 445, 211 N.E.2d 744 (1965), and *People v. Mitsakopoulos*, 171 Ill. App. 3d 198, 524 N.E.2d 1183 (1988), is misplaced. In *Mullenhoff*, the defendant was charged and acquitted of attempt to commit deviate sexual assault and was subsequently charged and convicted of attempt to commit rape based on the identical occurrence and conduct. The *Mullenhoff* court concluded that the compulsory joinder statute under section 3—3(b) mandated joinder and therefore barred the subsequent attempted rape prosecution because "[b]oth offenses were based on the identical conduct of the defendant, and this conduct was known to the prosecuting officer at the commencement of the prosecution." *Mullenhoff*, 33 Ill. 2d at 449, 211 N.E.2d at 746. In *Mitsakopoulos*, the defendant was initially charged with forgery of a check and subsequently was charged with theft by exerting unauthorized control over the proceeds of that same check. The *Mitsakopoulos* court found that section 3—3(b) barred the separate theft prosecution, because the evidence for both the theft and forgery charges was the same, involved precisely the same conduct, and because the prosecution knew of both offenses prior to the prosecution of either charge.

As already noted, unlike the circumstances before the courts in *Mullenhoff* and *Mitsakopoulos*, here there was no single act forming a common basis for the IMFTA and forgery charges. As already noted, Schram's presentation of falsified documents formed the basis for the forgery charges, whereas his failure to pay taxes, to file returns and to obtain a fuel distribution license formed the basis for the IMFTA charges. Moreover, unlike *Mitsakopoulos*, the evidence required to prove forgery, *i.e.*, the forged documents, is not the same as that required to prove the nonpayment of motor fuel taxes. Thus, Schram's alleged official document forgeries stand independently from his alleged IMFTA failures, thus rendering section 3—3(b) inapplicable as a bar to the forgery indictments in the instant case.

■ In addition to arguing the violation of the compulsory joinder statute as a basis for its double jeopardy contentions, the defendant also appears to argue the violation of the compulsory joinder statute as a wholly independent ground. To the extent that the defendant makes a compulsory joinder argument on grounds independent of the double jeopardy statute, it would more than likely be jurisdictionally barred under Supreme Court Rule 604(f). As already discussed, Rule 604(f) provides that a criminal defendant "may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding *on grounds of former jeopardy.*" (Emphasis added.) 145 Ill. 2d R. 604(f). See *People v. Stefan*, 208 Ill. App. 3d 205, 567 N.E.2d 18. However,

even if we were to independently entertain a compulsory joinder argument under section 3—3(b), the same factors discussed above which preclude compulsory joinder under section 3—4(b) would also extend to preclude compulsory joinder in an independent application of section 3—3(b).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNULTY, P.J., and COUSINS, J., concur.