197 Ill. App.3d 516 (1990)
554 N.E.2d 755
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
ALLAN M. THOMANN, Defendant-Appellant.
No. 4-89-0797.
Illinois Appellate Court  Fourth District.
Opinion filed May 1, 1990.
*517 Larry S. Mills, of Law Offices of Richard J. Doyle & Associates, of Danville, for appellant.
Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Judgment affirmed.
JUSTICE LUND delivered the opinion of the court:
On June 12, 1989, defendant Allan Thomann was charged by information in the circuit court of Vermilion County with committing three counts of the offense of child pornography. (Ill. Rev. Stat. 1987, ch. 38, par. 11-20.1(2).) He subsequently filed a motion to dismiss, alleging this prosecution, due to an earlier prosecution, was barred by the compulsory-joinder provisions of section 3-3 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 3-3) and the fundamental unfairness of the procedure, which the court denied. Defendant now appeals. We affirm.
 1 Initially, the State argues this appeal should be dismissed. Supreme Court Rule 604 (107 Ill.2d R. 604) contains the authority for when appeals can be taken in criminal cases. Rule 604(f) provides that the defendant may appeal the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy. The State believes this should be construed as referring to only double-jeopardy claims. It observes that defendant admits his motion to dismiss is not based on conventional double-jeopardy analysis. Accordingly, it believes Rule 604(f) is not applicable and this appeal should be dismissed, since the circuit court's decision is not appealable under any of the other provisions of the rule. However, we disagree with the State's characterization of the rule.
Subsection (f) of Rule 604 was added on June 15, 1982 (87 Ill.2d R. 604), apparently in response to People ex rel. Mosley v. Carey (1979), 74 Ill.2d 527, 387 N.E.2d 325, where the court held that no interlocutory right of appeal existed when a motion to dismiss based on double jeopardy was denied. However, this does not mean Rule 604(f) is limited to those situations. We note the supreme court used the phrase "former jeopardy" rather than "double jeopardy," which it could have used if it meant to so restrict the rule's application.
Section 3-4 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 3-4) sets forth the situations when a current prosecution is barred by a former one. Its central purpose is to codify the rules of double jeopardy. (People v. Mueller (1985), 109 Ill.2d 378, 383, 488 N.E.2d 523, 525.) It provides, in part, that a prosecution is barred, if a defendant *518 had formerly been prosecuted and the present prosecution is for an offense with which the defendant should have been charged in the former prosecution, pursuant to section 3-3 (Ill. Rev. Stat. 1987, ch. 38, par. 3-4(b)(1)). It is clear the legislature deemed this remedy to be comparable and analogous to that of double jeopardy. This is further borne out by the committee comments to section 3-4, which provide:
"Also, in order to give effect to the compulsory-joinder provisions of Section 3-3, a bar to subsequent prosecution must be recognized when, in the former prosecution, an offense was not charged which should have been charged if it were to be tried at all. [Citation.] Since the compulsory-joinder requirement is not in the present Illinois statute, this provision in subsection 3-4(b)(1) will, to that extent, establish an addition to the grounds of double jeopardy in this State." (Ill. Ann. Stat., ch. 38, par. 3-4, Committee Comments, at 127 (Smith-Hurd 1989).)
Therefore, we conclude that the supreme court, by use of the phrase "former jeopardy," intended to include all those situations as set forth in section 3-4 wherein a former prosecution is asserted as a bar to a subsequent prosecution.
Now, as to the merits, defendant maintains the trial court erred in denying his motion to dismiss. He believes the present prosecution is barred by an earlier prosecution for a similar offense. A brief factual review is necessary.
On September 8, 1988, defendant was charged in Vermilion County case No. 88-CF-210 with committing five counts of the offense of child pornography. (Ill. Rev. Stat. 1987, ch. 38, par. 11-20.1(a)(2).) The information alleged that on July 14, 1988, he possessed and disseminated a videotape portraying such material. The videotape had been mailed to an undercover policeman.
On the same date, the police received a search warrant for defendant's residence and numerous items were recovered. In December 1988, as the parties prepared for trial, it was discovered that among those items were several advertisements which also contained pictures of an allegedly similar nature. When no plea agreement could be reached, case No. 88-CF-210 was set for trial. On the eve of this trial, June 12, 1989, the State filed the instant case alleging three counts of possession of child pornography based on defendant's possession, on September 8, 1988, of the above-mentioned advertisements. Defendant was subsequently convicted in case No. 88-CF-210.
*519 Defendant believes the trial in case No. 88-CF-210 acts as a bar to the present prosecution. He bases his argument on the perceived fundamental unfairness of the procedure, relying on People v. Golson (1965), 32 Ill.2d 398, 207 N.E.2d 68, and on application of sections 3-3 and 3-4 of the Code. Ill. Rev. Stat. 1987, ch. 38, pars. 3-3, 3-4.
 2 Section 3-3 of the Code is also known as the compulsory-joinder statute. It provides in relevant part:
"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.
(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, pars. 3-3(a), (b).)
Once a defendant has been prosecuted for an offense, the State is barred from prosecuting him for any other offense which, pursuant to section 3-3, should have been joined with the original prosecution. Ill. Rev. Stat. 1987, ch. 38, par. 3-4(b)(1).
Our supreme court, in a case involving the offenses of homicide and concealment of a homicide, recently explained the application of section 3-3:
"The fact that the shootings and the acts of concealment were related is irrelevant. There is no requirement of joinder where multiple offenses arise from a series of related acts. (People v. Griffin (1967), 36 Ill.2d 430, 433-34; People v. Patete (1980), 91 Ill. App.3d 655; People v. Whitlow (1977), 48 Ill. App.3d 425.) `Section 3-3 is not intended to cover the situation in which several offenses * * * arise from a series of acts which are closely related with respect to the offender's single purpose or plan.' (Ill. Ann. Stat., ch. 38, par. 3-3, Committee Comments, at 202 (Smith-Hurd 1972).) Indeed, the drafters considered and rejected an earlier version of section 3-3(b) which would have required a single prosecution when multiple offenses arose from the same `conduct' (Ill. Ann. Stat., ch. 38, par. 3-3, Committee Comments, at 201 (Smith-Hurd 1972)); the term `conduct' could, of course, refer to a series of acts (Ill. Rev. Stat. 1981, ch. 38, par. 2-4; see People v. Griffin (1967), 36 Ill.2d 430, 433-34). The purpose of this section as enacted was to preclude successive prosecutions where more than one *520 person was injured by a single act of the accused, such as setting off an explosive. Ill. Ann. Stat., ch. 38, par. 3-3, Committee Comments, at 201 (Smith-Hurd 1972); People v. Crabtree (1980), 82 Ill. App.3d 87.
Because the murder and concealment charges were based on separate acts, the compulsory-joinder statute did not require prosecution of both offenses in the same proceeding." Mueller, 109 Ill.2d at 385-86, 488 N.E.2d at 526-27.
 3 In the case at bar, defendant was prosecuted for possessing and disseminating, on July 14, 1988, a videotape containing child pornography. The present case involves possession, on September 8, 1988, of advertisements allegedly containing similar material. It is evident, then, that these are separate acts. The fact the offenses involve similar conduct and violations of the same statutory provision is of little consequence. As the committee comments explained, "Section 3-3 is not intended to cover the situation in which several offenses  either repeated violations of the same statutory provision or violations of different provisions  arise from a series of acts which are closely related with respect to the offender's single purpose or plan." (Emphasis added.) (Ill. Ann. Stat., ch. 38, par. 3-3, Committee Comments, at 102 (Smith-Hurd 1989).) Accordingly, since section 3-3 does not mandate the cases be tried together, the provisions of section 3-4 which would bar the present prosecution are inapplicable.
 4 Similarly, defendant's fundamental unfairness argument must fail. Defendant's position is that since the State had the evidence in its possession for over eight months prior to filing this charge, and since this case is for similar conduct as the first, the State is attempting to wear him down by successively prosecuting him on the same evidence in the two cases, which violates the due process of law. He observes the supreme court found such fundamental unfairness in Golson and believes this court should also.
We preliminarily observe that the Golson court, noting that section 3-3 was not in effect at the time of that crime, seems to suggest that section 3-3 supplants this argument. (Golson, 32 Ill.2d at 411-12, 207 N.E.2d at 75-76.) However, to the extent this analysis is still tenable, it is evident it has no impact on the present case.
In Golson, the defendants were charged with murder as conspirators to a codefendant who shot and killed two victims during a robbery. They were convicted in one trial involving one victim and received a 50-year sentence. The State, finding the sentence insufficient, tried the defendants for the second murder, and they each received a 199-year sentence to run consecutive to the sentence *521 imposed at the first trial. Both cases involved the same evidence. The supreme court, finding fundamental unfairness, reversed. Its decision was predicated on the fact these defendants were involved in a "single act of misconduct." (Golson, 32 Ill.2d at 412, 207 N.E.2d at 76.) However, the present case, as earlier explained, does not involve one act of misconduct but separate and distinct acts. Thus, Golson is distinguishable and inapplicable.
The fact the State had the evidence in its possession for eight months prior to filing this charge does not affect the result. The important question is not when or how long the State possessed the evidence, but whether the crimes are based on separate acts. Likewise, the use of the evidence in this offense in the trial for the first case is of little significance. No authority has been cited or found for the proposition that use of evidence of a defendant's criminal activity in a trial for an offense based on a separate act somehow bars the subsequent prosecution of the criminal activity in its own right. The authority is probably missing because the proposition makes little sense. The bottom line is that the offenses asserted in this case are based on different acts from the earlier prosecution. There is no fundamental unfairness in prosecuting a defendant in separate trials for similar statutory violations based on separate and distinct acts.
Affirmed.
GREEN and McCULLOUGH, JJ., concur.