THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CLETUS L. HIATT, Defendant-Appellant.
Third District    No. 3—91—0718

Opinion filed June 30, 1992.

G. Edward Murphy, of Reynolds, Murphy & Associates, of Peoria (Patricia Parker, of counsel), for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Stewart Umholtz, Assistant State's Attorney, and John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

The defendant, Cletus L. Hiatt, was charged with 20 counts of child pornography (possessing 20 different pornographic photographs of his two minor children). (Ill. Rev. Stat. 1989, ch. 38, par. 11—20.1.) Prior to trial, the defendant filed a motion to dismiss, alleging that the charges were barred by the mandatory joinder provisions of sections 3—3 and 3—4(b) of the Criminal Code of 1961 (the Code) (Ill. Rev. Stat. 1989, ch. 38, pars. 3—3, 3—4(b)). Following a hearing, the trial court denied the motion. The defendant appeals.

On May 22, 1990, police executed a search warrant at the defendant's residence in Creve Coeur, Illinois. Among other things, they seized numerous photographs, VHS tapes, a video camera, and a VCR. About a week later, the defendant's ex-wife told police the identity of all of the individuals in the photographs seized on May 22. She further told police that the defendant took the pictures, that two of the individuals were the defendant's children, and that the children were between the ages of 11 and 14.

On June 19, 1990, the defendant was charged by indictment in Peoria County with the offense of child pornography under section 11—20.1(a)(i)(ii) of the Code. The indictment alleged that the defendant knowingly videotaped T.T., a child he knew to be under 18, while she engaged in an act of sexual intercourse. Following a jury trial, the defendant was acquitted of the charge.

On July 26, 1990, the defendant was charged by indictment in Tazewell County with child pornography under section 11—20.1(a)(6) of the Code. The defendant had also been charged by information with that offense on May 23, 1990. The indictment alleged that the defendant knowingly possessed a pornographic video tape of a minor child, T.T. The trial court subsequently dismissed the charge based on double jeopardy grounds apparently because the defendant had previously been acquitted of videotaping the child in Peoria County.

Thereafter, the defendant was charged by indictment in Tazewell County with 20 counts of child pornography (Ill. Rev. Stat. 1989, ch. 38, par. 11—20.1(a)(6)). These charges alleged that the defendant possessed 20 different pornographic photographs of his minor children, J.H. and T.H. Prior to trial, the defendant filed a motion to dismiss, contending that the mandatory joinder provisions of section 3—3 of the Code barred a prosecution for those offenses, since the State knew of the photographs at the time of the previous indictment, yet failed to charge the offenses in a single prosecution. The trial court denied the defendant's motion to dismiss, finding that the Tazewell

County State's Attorney's office did not "know" of the instant charges at the time the earlier possession of a pornographic video tape of T.T. charge was filed. Defendant then filed a notice of appeal from the denial of the motion to dismiss.

On appeal, the defendant first argues that sections 3—3 and 3—4 of the Code bar the State's prosecution of the instant charges.

In response, the State initially contends that the trial court's denial of a motion to dismiss the case based on former jeopardy grounds amounts to an interlocutory order which is not appealable.

■ The State's argument was recently rejected in *People v. Thomann* (1990), 197 Ill. App. 3d 516, 554 N.E.2d 755. The *Thomann* court noted that Supreme Court Rule 604(f) (134 Ill. 2d R. 604(f)) provides that a defendant may appeal the denial of a motion to dismiss a criminal proceeding based on "former jeopardy" grounds. The court concluded that the supreme court, by using the phrase "former jeopardy," intended to include not only traditional double jeopardy grounds, but also those situations as set forth in section 3—4 of the Code wherein a former prosecution is asserted as a bar to a subsequent prosecution. Accordingly, the State's argument fails.

Turning to the issue raised by the defendant, we note that section 3—4(b) of the Code states in relevant part:

"A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

(1) Resulted in either a conviction or an *acquittal,* and the subsequent prosecution is for an offense *** with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 ***." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 3—4(b).)

Section 3—3 of the Code provides:

"If *** several offenses are *known* to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution ***, if they are based on the *same act.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 3—3.

Here, the defendant argues that the instant charges were barred by section 3—4 of the Code because: (1) the present charges were known to the Tazewell County State's Attorney's office at the time of the first Tazewell County charge; (2) the first Tazewell County charge, which was dismissed on double jeopardy grounds, was an "acquittal" within the meaning of section 3—4(b) of the Code; and (3) the former charge and the latter charges were based on the same act. See *People*

*v. Baker* (1979), 77 Ill. App. 3d 943, 397 N.E.2d 164 (which held that possession of a controlled substance and possession of cannabis were but a single act of possession within the meaning of the compulsory joinder statute).

We agree that the present charges are barred. The State's argument that the prosecutor did not know of the possibility of charges stemming from the photographs is not persuasive. The videotape and the photographs were discovered in the same search. Moreover, it was clear that the photos were of children under 18 years old and the defendant's ex-wife verified that fact six days after the search. Thus, the State was aware of the criminal nature of all the material at the time of the initial charge.

Regarding whether the two offenses should be considered "the same act" within the meaning of section 3—3 of the Code, we find that *People v. Baker* (1979), 77 Ill. App. 3d 943, 397 N.E.2d 164, is analogous to the present case and dispositive of the outcome here. The defendant's possession of the videotape and the photographs was part of the same course of conduct and was really a "single act of possession," just as in *Baker*, where the defendant possessed two different types of illegal drugs that were uncovered in the same search.

The State relies on *People v. Thomann* (1990), 197 Ill. App. 3d 516, 554 N.E.2d 755, in support of its position that the defendant's possession of the videotape of T.T. was not the same act as his possession of 20 photographs of his minor children.

In *Thomann*, the defendant was prosecuted for possessing and disseminating child pornography. In a later proceeding, the defendant was charged with possessing advertisements allegedly containing similar material. In holding that the charges were not barred by section 3—3, the court noted that "[s]ection 3—3 is not intended to cover the situation in which several offenses—either repeated violations of the same statutory provision or violations of different provisions—arise from a series of acts which are closely related with respect to the offender's single purpose or plan." (Emphasis omitted.) 197 Ill. App. 3d at 520.

We find that *Thomann* is distinguishable from the present case on the basis that there, the police seized the child pornography that formed the basis for the second charge several months after the defendant committed the first crime. Here, the contraband items involving both charges were seized during a single search on the same day that the defendant was alleged to have possessed them. Under these circumstances, the State was required to bring the charges in a single prosecution.

The State further argues that the initial Tazewell County charge, which was dismissed on double jeopardy grounds, was not an "acquittal" within the meaning of section 3—4(b) of the Code.

We disagree. Section 2—1 of the Code defines an acquittal as "a verdict or finding of not guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." (Ill. Rev. Stat. 1989, ch. 38, par. 2—1.) Criminal or penal statutes are to be strictly construed in favor of the accused and nothing is to be taken by intendment or implication against him beyond the literal and obvious meaning of the statute. *People v. Scribner* (1982), 108 Ill. App. 3d 1138, 440 N.E.2d 160.

▪ We find that the statutory definition of acquittal is broad enough to encompass a dismissal based on double jeopardy grounds. An acquittal may occur even though the question of guilt or innocence has never been submitted to the trier of fact such as when a defendant is discharged on speedy trial grounds. See Black's Law Dictionary 25 (6th ed. 1990).

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed.

Reversed.

BARRY, P.J., and STOUDER, J., concur.