SIXTH DIVISION
June 23, 2006

No. 1-05-1497

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 03 CR 17086 |
| | ) | |
| ROBERT FLAAR, | ) | Honorable |
| | ) | Robert M. Smierciak, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Robert Flaar, appeals from the denial of his motion to dismiss his charges in Cook County for dissemination of child pornography. He contends on appeal that his guilty plea for possession of child pornography in Kendall County precludes his current prosecution in Cook County for dissemination of child pornography pursuant to double jeopardy and compulsory joinder principles. Based on our conclusion that the image contained on defendant's computer and later downloaded on a computer in Cook County stemmed from two separate criminal acts constituting two separate offenses, we affirm.

## FACTUAL BACKGROUND

The relevant facts in the record are as follows. On June 4, 2003, defendant sent pornographic images depicting children from his home in Kendall County to an undercover police officer in Cook County. Thereafter, on July 15, 2003, Kendall County

1-05-1497

police officers and Assistant State's Attorneys, as well as Cook County police officers, served a search warrant on defendant.  Defendant was then charged with four counts of possession of child pornography in Kendall County on July 15, pursuant to section 11-20.1(a)(6) of the Criminal Code of 1961 (720 ILCS 5/11-20.1(a)(6) (West 2002)).  This provision provides that a person commits the offense of child pornography when that person:

> "with knowledge of the nature or content thereof, possesses any film, videotape, photograph or other similar visual reproduction or depiction by computer of any child *** whom the person knows or reasonably should know to be under the age of 18 *** engaged in any activity described in subparagraphs (I) through (vii) of paragraph (1) ***."
> 720 ILCS 5/11-20.1(a)(6) (West 2002).

On August 22, 2003, defendant was charged with three counts of dissemination in Cook County stemming from his e-mail to the undercover officer on June 4.  720 ILCS 5/11-20.1(a)(1)(I), (a)(1)(i), (a)(1)(iv) (West 2002).[1]  An individual violates this provision when

---

[1]Although the record contains the file date for the dissemination charges filed in Cook County, the briefs and the record do not indicate precisely when defendant was charged with the three counts of possession of child pornography in Kendall County. Defendant failed to supply the court with a complete record supplying these details. Notwithstanding this deficiency, we find that we can still resolve the narrow issue before us, namely, whether  defendant's conduct delineated above stemmed from two acts for

1-05-1497

he:

> "with the knowledge of the nature or content thereof, reproduces, disseminates, offers to disseminate, exhibits or possesses with intent to disseminate any film, videotape, photograph or other similar visual reproduction or depiction by computer of any child *** whom the person knows or reasonably should know to be under the age of 18 ***, engaged in any activity described in subparagraphs (I) through (vii) of paragraph (1) of this subsection[.]"  720 ILCS 5/11-20.1(a)(2) (West 2002).

Defendant pled guilty to the Kendall County possession charges and then sought to dismiss his charges for dissemination of child pornography that had been filed in Cook County.  In his motion, defendant argued that the charges filed in Cook County violated compulsory joinder and double jeopardy principles.  In regard to his compulsory joinder claim, defendant argued that the actual possession and transmission of images occurred in Kendall County and that the Kendall County officials were aware of this fact.

---

purposes of double jeopardy and compulsory joinder analyses.  The sequence of these two sets of charges are ultimately of no consequence to our resolution of this issue.

 Accordingly, both charges should have been brought in Kendall County.  In regard to his double jeopardy argument, defendant analogized his circumstances to a narcotics transaction, stating that he would have had to have transferred possession of his pornographic images in order to disseminate them, "as a drug dealer must possess the drugs he seeks to distribute."  Thus, according to defendant, he could not be charged with distributing the very same image he previously pled guilty to possessing.

In its response, the State argued that the compulsory joinder statute and the double jeopardy doctrine did not apply because two separate and distinct criminal acts were at issue, namely, defendant's transmission of an image to an undercover Orland Park police officer via the Internet on June 4, 2003, and defendant's possession of a copy of this image on his own computer in Kendall County six weeks after the original transmission.  The trial court denied defendant's motion to dismiss and this appeal followed.

ANALYSIS

In the present case, neither party contests that the possession of pornography is a lesser-included offense of dissemination of child pornography.  They differ, however, in their compulsory joinder and double jeopardy analyses, as to whether defendant's act of e-mailing a pornographic image to Cook County established a separate and distinct possession from the possession defendant pled guilty to in Kendall County.  As this question is purely one of law, we examine it *de novo*.  People v. Walker, 308 Ill. App. 3d 435, 438 (1999).

I.  Double Jeopardy

1-05-1497

Both the United States and Illinois Constitutions provide that no person shall be twice put in jeopardy for the same offense. U.S. Const., amend. V; Ill. Const. 1970, art. I. § 10. To evaluate potential violations of the double jeopardy clause in Illinois, we must apply the Blockburger same-elements test. People v. Sienkiewicz, 208 Ill. 2d 1, 4-5 (2003), citing Blockburger v. United States, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932). Under this analysis, the prosecution of a lesser-included offense precludes the subsequent prosecution of a greater offense that arises from the same physical act. Sienkiewicz, 208 Ill. 2d at 6. Prior to applying this test, however, we must first determine whether the charges for both the lesser and the greater offenses arise from a single physical act by the defendant. Sienkiewicz, 208 Ill. 2d at 6. If the prosecutions are predicated on different acts, then the prohibition against double jeopardy is not violated. Sienkiewicz, 208 Ill. 2d at 5, citing Blockburger v. United States, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932). Our supreme court defines an "act" in the context of double jeopardy the same as it does in the context of the one-act, one-crime doctrine, that is, as an "outward manifestation that will support a different offense." Sienkiewicz, 208 Ill. 2d at 7, citing People v. King, 66 Ill. 2d 551 (1977).

Although no Illinois cases directly address the factual scenario presented by this case, the Wisconsin Supreme Court in State v. Multaler, 252 Wis. 2d 54, 79, 643 N.W.2d 437, 449 (2002), addressed a situation where it employed reasoning we find useful here. In that case, a defendant was convicted of 28 counts of possession of child pornography based upon 28 image files he had downloaded onto his computer. Multaler, 252 Wis. 2d at 77, 643 N.W.2d at 448. The defendant argued on appeal that

he should only be convicted for one count of possession. Addressing whether the State properly charged defendant for each downloaded file, the court examined, among other matters, whether each charged act was "separated in time" or was of a "significantly different nature." Multaler, 252 Wis. 2d at 79, 643 N.W.2d at 449. Resolving this question, the court explained:

"The separate in time inquiry is not resolved by a stopwatch approach. [Citation]. Rather, the court asks whether there was sufficient time for reflection between the acts such that the defendant re-committed himself to the criminal conduct. [Citation]. Similarly, whether the charged acts are significantly different in nature is not limited to a straightforward determination of whether the acts are of different types. [Citation]. Acts may be 'different in nature' even when they are the same types of acts as long as each required a new 'volitional departure in the defendant's course of conduct.' " Multaler, 252 Wis. 2d at 79-80, 643 N.W.2d at 449.

Concluding that each act was separate, the Multaler court stated that:

"[T]he fact that there were more than 28 separate files supports a conclusion that [the defendant] made a new decision to obtain each one. Every time he downloaded a new file, he recommitted himself to additional criminal conduct. Each decision to download more child pornography represented a new volitional departure." Multaler, 252 Wis. 2d at 80, 643 N.W.2d at 449.

Similarly, we find that defendant's conduct in the present case constituted two

separate acts. In the first act, defendant transferred, via an e-mail attachment, a copy of an image located on his hard drive to an officer in Cook County. In the second act, defendant retained a copy of the original image on his hard drive for over month. Thus, both acts of possession were separate and distinct temporally and physically. There was a possession attendant to defendant's original dissemination, and there was a separate possession offense occurring over a month later. That the images constituting these separate possessions were identical in appearance is of little consequence to our analysis. What is relevant, in our view, is that two separate images were created, and that defendant was found with one of these images on his hard drive over a month after he transferred the first image. As the Multaler court so concluded, we also conclude that such a time period indicates a conscious decision to commit to a separate criminal act, *i.e.*, a new volitional departure towards a different criminal end. Multaler, 252 Wis. 2d at 79-80, 643 N.W.2d at 449. Specifically, defendant's decision to retain the data that he originally disseminated to an undercover police officer represents a commitment to consume, for his own sordid purposes, a copy of that which he originally disseminated. Based on our conclusion that defendant committed two separate criminal acts, we conclude that his two prosecutions did not violate the double jeopardy clause. Sienkiewicz, 208 Ill. 2d at 4.

Defendant also argues that should his prosecution in Cook County go forward, and he is found guilty only of possession and not distribution, the double jeopardy clause would be implicated because he previously pled guilty to possession. For the reasons stated above, however, we conclude that there are two distinct criminal acts

constituting two distinct possessions.  Thus, the double jeopardy doctrine would not be implicated under those circumstances.

## II.  Compulsory Joinder

Defendant also contends that his dissemination charges in Cook County are barred by the compulsory joinder provisions in sections 3-3 and 3-4 of the Criminal Code of 1961 (720 ILCS 5/3-3, 3-4 (West 2002)).  Section 3-3 provides in relevant part:

"If *** several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution *** *if they are based on the same act.*"  (Emphasis added), 720 ILCS 5/3-3 (West 2002).

Section 3-4(b) provides in relevant part that:

"A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such a former prosecution:

(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is *** for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3-3 ***."  720 ILCS 5/3-4(b)(1) (West 2002).

The legislature enacted the compulsory joinder provisions to prevent the prosecution of multiple offenses in a piecemeal fashion.  People v. Mullenhoff, 33 Ill. 2d 445, 447 (1965).  Such provisions prevent prosecutors from harassing defendants

through successive prosecutions of multiple offenses and putting defendants through the expense of several trials until the prosecutor obtains a desirable result. People v. Kennedy, 161 Ill. App 3d 197, 199 (1987).

In the present case, the parties do not contest that the proper prosecuting authorities were aware of defendant's offenses when they raided defendant's residence. They differ, however, as to whether the various offenses arise from the same act.

We find that People v. Thomann, 197 Ill. App. 3d 516, 518 (1990), is analogous to the present case and ultimately dispositive of defendant's compulsory joinder claim. In Thomann, the defendant was prosecuted for possessing and disseminating on July 14, 1988, a videotape containing child pornography. In a later prosecution, the defendant was charged with possessing advertisements on September 8, 1988, with similar pornographic content. The police seized the child pornography that formed the basis for the second charge several months after the defendant committed the first crime. The defendant filed a motion to dismiss, alleging that his prosecution for his activities on September 8 was barred by his earlier prosecution for possessing and disseminating pornography on July 14. The trial court denied this motion, and the appellate court affirmed. In so doing, the court reasoned that the important question in a compulsory joinder analysis is whether the two crimes at issue were based on separate acts. Thormann, 197 Ill. App. 3d at 521. Concluding that the defendant had possessed pornographic material on two different dates and therefore committed two separate criminal acts, the court emphasized:

"The fact the offenses involve similar conduct and violations of the same

statutory provision is of little consequence. *** [The compulsory joinder statute] is not intended to cover the situation in which several offenses-- *either repeated violations of the same statutory provision* or violations of different provisions--arise from a series of acts which are closely related with respect to the offender's single purpose or plan. *** [Citation.]" (Emphasis in original), Thoman, 197 Ill. App. 3d at 518 .

Here, as in Thomann, defendant possessed two different pornographic items on two different dates and therefore committed two separate criminal acts. Although, as in Thomann, the pornographic material constituting both possessions are closely related, we believe, for the reasons stated in our double jeopardy analysis, that the two separate offenses at issue were based on two separate acts. Accordingly, defendant's compulsory joinder argument must fail. See, *e.g.*, People v. Gooden, 189 Ill. 2d 209, 219-20 (2000) (holding that independent, overt acts that constitute different offenses are not required to be joined because they are not offenses based on the same act).

We do not believe the case law cited by defendant warrants a different outcome. For instance, defendant analogizes his circumstances to those of the defendant in People v. Hiatt, 229 Ill. App. 3d 1094 (1992). In Hiatt, the police seized pornographic photographs and videotapes from the defendant's home. The defendant was then charged in Peoria County with the offense of child pornography based on a videotape depicting one child. He was acquitted of that offense. Thereafter, the defendant was charged in Tazewell County with 20 counts of child pornography based on photos of different children. The defendant argued that the latter prosecution was barred by the

compulsory joinder doctrine. The appellate court agreed, stating that "the contraband items involving both charges were seized during a single search on the same day that the defendant was alleged to have possessed them." Hiatt, 229 Ill. App. 3d at 1097. In coming to this conclusion, the trial court analogized to People v. Baker, 77 Ill. App. 3d 943 (1979), stating:

> "The defendant's possession of the videotape and the photographs was part of the same course of conduct and were really a 'single act of possession,' just as in Baker where the defendant possessed two different types of illegal drugs that were uncovered in the same search." Hiatt, 229 Ill. App. 3d at 1097.

Distinguishing Thomann, the court stated that:

> "[T]here, the police seized the child pornography that formed the basis for the second charge several months after the defendant committed the first crime. Here, the contraband items involving both charges were seized during a single search on the same day that the defendant was alleged to have possessed them." Hiatt, 229 Ill. App. 3d at 1097.

Here, similar to Thomann, and unlike Hiatt and Baker, there was a seizure of child pornography at the defendant's residence over a month after the defendant's first criminal act transpired and both possessions at issue did not stem from the same search. Defendant transferred possession of child pornography via an attachment to an e-mail in early June. Then, over a month later, defendant was found with a copy of this image on his computer. Based on these circumstances, we find defendant's cases to

be more factually analogous to <u>Thomann</u>, rather than to <u>Hiatt</u> and <u>Baker</u>.  We therefore conclude that the cases relied upon by defendant are distinguishable and not dispositive of the outcome in the present case.

CONCLUSION

For the foregoing reasons, we affirm the order of the trial court denying defendant's motion to dismiss.

McNULTY, P.J., and FITZGERALD-SMITH J., concur.